United States District Court
Southern District of Texas
FILED

SEP 18 2023

Nathan Ochsner, Clerk

United States District Court
Southern District of Texas
**ENTERED**
September 18, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| PAUL ALEXANDER SERRANO, § § Plaintiff, § § VS. § § JOE BIDEN, President of the United § States of America, § § Defendant. § | CIVIL ACTION NO. 7:22-CV-345 |

## REPORT AND RECOMMENDATION

Plaintiff PAUL ALEXANDER SERRANO, a pro se prisoner appearing in forma pauperis, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Joe Biden, President of the United States ("President Biden"), seeking relief for violations of his constitutional rights. According to Plaintiff, he was detained and arrested by a local police officer without a warrant and was not read his Miranda rights. Plaintiff also complains that the indictment underlying his eventual conviction merely stated that he committed the offense of deadly conduct "on or about" a given date. Based on these claimed violations, Plaintiff seeks to renounce of his U.S. citizenship.

The complaint is now ready for review in accordance with the screening provisions of 28 U.S.C. §§ 1915 and 1915A of the Prison Litigation Reform Act (the "PLRA"), which apply respectively, as here, to civil actions brought in forma pauperis and by prisoners seeking redress from a governmental entity or its officers.

This case has been referred to the Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1). Upon review of the pleadings, the record, and the law, the Magistrate Judge RECOMMENDS that Plaintiff's claims be DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for the failure to state a claim on which relief may be granted.

1

## I. PROCEDURAL BACKGROUND

On September 27, 2022, Plaintiff's complaint was received by the clerk and opened as a civil action. (Dkt. No. 1). At the time, Plaintiff was a pretrial detainee at the Hidalgo County Adult Detention Center (the "Detention Center"). All indications are that he was being held in connection with the arrest and indictment at the center of this case.

Because Plaintiff did not pay the civil action filing fee, the Magistrate Judge ordered him to either do so or submit an application to proceed in forma pauperis. (Dkt. No. 2). Plaintiff chose the latter option. (Dkt. Nos. 3, 7). After advising Plaintiff of the potential consequences of proceeding in forma pauperis—including sua sponte dismissal of the action for the failure to state a claim—the Magistrate Judge granted Plaintiff's in forma pauperis application. (Dkt. Nos. 8, 10).

On May 16, 2023, the Magistrate Judge ordered Plaintiff to submit a more definite statement in the form of written responses to information requests about the facts of his case.[1] (Dkt. No. 19). The order was mailed to the Detention Center but returned as undeliverable. (Dkt. No. 20). Plaintiff soon filed a notice of change of address, advising that he had been transferred to the custody of the Texas Department of Criminal Justice and was being housed at its McConnell Unit in Beeville.[2] (Dkt. No. 21). The order for a more definite statement was thus mailed to Plaintiff at his new address.

On July 11, 2023, the clerk received Plaintiff's more definite statement. (Dkt. No. 22).

---

[1] A hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) or a questionnaire pursuant to *Watson v. Ault*, 525 F.2d 886 (5th Cir. 1976) may be employed to develop the factual and legal bases of a prisoner's claims, *see Wesson v. Oglesby*, 910 F.2d 278, 281 (5th Cir. 1990), which procedures are similar to obtaining a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure, *see Wilson v. Barrientos*, 926 F.2d 480, 482 (5th Cir. 1991).

[2] The McConnel Unit is where Plaintiff remains housed. *Inmate Info. Search*, Tex. Dep't of Crim. Just., https://inmate.tdcj.texas.gov/InmateSearch/start (last visited Sept. 13, 2023).

## II. FACTUAL ALLEGATIONS

Plaintiff's factual allegations are pieced together from the complaint, his more definite statement,[3] and publicly available court records.[4] Such pro se allegations are liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972). They are also to be accepted as true and viewed in Plaintiff's favor. *See Moss v. Brown*, 409 F. App'x 732, 733-34 (5th Cir. 2010) (per curiam).

On January 18, 2022, Plaintiff was walking to a friend's house in Edinburg, Texas when a police officer asked Plaintiff to come with him. (Dkt. No. 1 at 3; Dkt. No. 22 at 1). The officer stated that Plaintiff fit the description of a wanted suspect. (Dkt. No. 22 at 1). Plaintiff complied, and the officer handcuffed him and placed Plaintiff in a squad car. (Dkt. No. 1 at 3; Dkt. No. 22 at 1). Plaintiff was then taken to the Detention Center. (Dkt. No. 22 at 1). At no point in this encounter was Plaintiff read his Miranda rights. (Dkt. No. 1 at 3; Dkt. No. 22 at 1).

On February 3, 2022, a Hidalgo County grand jury issued a felony indictment against Plaintiff under Case No. CR-0560-22-J. Plaintiff was charged with the offense of deadly conduct, that is, knowingly discharging a firearm in the direction of an individual. The indictment alleged that the incident occurred "on or about" October 11, 2021. (Dkt. No. 1 at 3).

On March 8, 2023, Plaintiff pleaded guilty to the charge and was sentenced to a three-year prison term. (Dkt. No. 22 at 1).

---

[3] A pro se prisoner's response to a *Watson* questionnaire is considered part of the complaint. *See Requena-Villareal v. Almeida*, 2019 WL 1509141, at *3 (S.D. Tex. March 7, 2019) (citing *Watson*, 525 F.2d at 892), *report and recommendation adopted*, 2019 WL 1507981 (S.D. Tex. Apr. 5, 2019).

[4] Plaintiff's name can be used to find his case records in Case No. CR-0560-22-J through the Hidalgo County Records Inquiry page at https://pa.co.hidalgo.tx.us/Search.aspx?ID=100. A court may take judicial notice of public court records. *See Burns v. Mayes*, 369 F. App'x 526, 527 n.4 (5th Cir. 2010) (per curiam).

3

## III. CLAIMS

For purposes of § 1983, Plaintiff complains of his detention and arrest absent a warrant and without being read his Miranda rights. (Dkt. No. 1 at 3; Dkt. No. 22 at 1). He also complains that he was given insufficient notice of the deadly conduct charge against him based on the "on or about" language used in the indictment. (Dkt. No. 1 at 3). Plaintiff names only President Biden as a defendant on the asserted basis that, as president, he "is in charge of all government officers of the United States of America no matter where they are from[.]" (Dkt. No. 1 at 1; Dkt. No. 22 at 1). In terms of relief, Plaintiff seeks $36.5 million dollars. (Dkt. No. 1 at 4). Plaintiff also seeks, whether as a remedy or a separate claim, to renounce his U.S. citizenship. (*Id.*).

## IV. LEGAL STANDARD

Section 1915(e)(2)(B) of the PLRA imposes a screening responsibility on the district court whenever a plaintiff is granted in forma pauperis status. *Womack v. Teleplan*, 2003 WL 21289652, at *1 (N.D. Tex. May 29, 2003) (citing 28 U.S.C. § 1915(e)(2)(B)). Such screening applies to prisoners and non-prisoners alike. *Id.* at *1 n.1 (citing *Newsome v. EEOC*, 301 F.3d 227, 231-33 (5th Cir. 2002)). Section 1915A(a) of the PLRA mandates similar screening of any civil complaint by a prisoner against a governmental entity or its officers and employees. 28 U.S.C. § 1915A(a). Pursuant to such screening, claims meeting certain statutory criteria must be identified and dismissed. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). A claim is subject to dismissal if it either: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. *Id.*

A dismissal under the PLRA for the failure to state a claim is governed by the same standard under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See DeMarco v. Davis*, 914 F.3d 383, 386 (5th Cir. 2019). When considering whether the plaintiff has adequately stated a

claim on which relief can be granted, the court examines whether the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (quotations omitted). The court construes the complaint liberally in favor of the plaintiff, takes all facts pleaded in the complaint as true, and considers whether, with every doubt resolved on the plaintiff's behalf, the complaint states any valid claim for relief. *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (quotations omitted).

Even under this lenient standard, a plaintiff must allege more than labels and conclusions or a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678. That said, no matter how well-pleaded the factual allegations, they must reveal an entitlement to relief under a valid legal theory. *See McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997).

## V. ANALYSIS

Plaintiff's § 1983 claims relating to his arrest and indictment will be addressed apart from his renunciation claim.

### A. Section 1983 Claims

As a threshold matter, Plaintiff's § 1983 claims are subject to dismissal given his failure to name a defendant who, while acting under color of state law, allegedly violated his constitutional rights. Indeed, to state a claim under § 1983, a plaintiff must allege facts showing (1) the deprivation of a right secured by the Constitution or of federal law and (2) that the violation was committed by someone acting under color of state law. *Guillot on behalf of T.A.G. v. Russell*, 59 F.4th 743, 751 (5th Cir. 2023). The only defendant identified in this lawsuit is President Biden.

Despite submitting supplemental pleadings, Plaintiff does not allege facts that President Biden was personally involved in the claimed civil rights violations or that he implemented any unconstitutional policies, such that Plaintiff fails to state a claim for relief. *See Alderson v. Concordia Par. Corr. Fac.*, 848 F.3d 415, 421 (5th Cir. 2017) (per curiam).

Regardless, Plaintiff further fails to state a claim with respect to the civil rights violations for the following reasons.

1. Warrantless arrest

Plaintiff brings a § 1983 claim for false arrest stemming from his supposedly warrantless detention and arrest on January 18, 2022.

A plaintiff alleging false arrest for purposes of a § 1983 claim must show that the arresting officers did not have probable cause for the arrest. *Evans v. City of Meridian, Miss.*, 630 F. App'x 312, 315 (5th Cir. 2015) (per curiam). "Probable cause exists when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *United States v. Ramirez*, 145 F.3d 345, 352 (5th Cir. 1998). Among the circumstances that may support probable cause is where the arrestee's physical description matches that of a wanted suspect. *See, e.g., United States v. Dougall*, 919 F.2d 932, 934 (5th Cir. 1990); *Fontenot v. Cormier*, 56 F.3d 669, 674 (5th Cir. 1995); *Miller v. City of Richmond*, 2007 WL 1100664, at *5 (S.D. Tex. Apr. 11, 2007).

Here, according to Plaintiff's own pleadings, the arresting officer advised Plaintiff that he fit the description of a suspect, which supported probable cause for a warrantless arrest. Regardless, when "facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false

6

arrest[.]" *Taylor v. Gregg*, 36 F.3d 453, 456 (5th Cir. 1994) (collecting cases); *see also Shields v. Twiss*, 389 F.3d 142, 150 (5th Cir. 2004). Consequently, the subsequent deadly conduct indictment against Plaintiff forecloses any claim predicated upon a theory of false arrest.

For these reasons, Plaintiff's § 1983 claim for false arrest should be dismissed for failure to state a claim on which relief may be granted.

2. <u>Miranda violation</u>

Plaintiff complains that he was not read his Miranda rights after he was handcuffed and taken to the Detention Center on the date of his arrest. However, a suit for damages based on a Miranda violation is not actionable under § 1983. *Vega v. Tekoh*, 142 S. Ct. 2095, 2107 (2022); *Fosnight v. Jones*, 41 F.4th 916, 923 (7th Cir. 2022) (citing *Vega*, 142 S. Ct. at 2107); *Stone v. Mikeska*, 2023 WL 3587772, at *3 (N.D. Tex. Apr. 24, 2023) (citing *Vega*, 142 S. Ct. at 2107), *report and recommendation adopted*, 2023 WL 3590689 (N.D. Tex. May 22, 2023). For these reasons, Plaintiff's § 1983 claim for a Miranda violation should be dismissed for failure to state a claim on which relief may be granted.

3. <u>Insufficient notice due to "on or about" language</u>

Plaintiff also complains that he had insufficient notice of the charges against him in the deadly conduct case based on the "on or about" language used in the indictment.

Absolute immunity applies for prosecutorial actions performed in a quasi-judicial role, such as the initiating of prosecutions and drafting of charging instruments.[5] *See Yarris v. Cnty. of Delaware*, 465 F.3d 129, 135 (3d Cir. 2006); *see also Rindley v. Gallagher*, 890 F. Supp. 1540, 1555-56 (S.D. Fla. 1995); *Anilao v. Spota*, 340 F. Supp. 3d 224, 243 n.29 (E.D.N.Y. 2018). Otherwise, "[t]he law [of Texas] is clear the State need not allege a specific date in an indictment."

---

[5] Absolute immunity is an affirmative defense, albeit one that may be raised sua sponte by a district court. *See, e.g., Tapp v. Champagne*, 164 F. App'x 106, 107-08 (2d Cir. 2006).

7

*Russell v. Stephens*, 2015 WL 5311113, at *4 (N.D. Tex. Aug. 6, 2015) (citing *Sledge v. State*, 953 S.W.2d 253, 255 (Tex. Crim. App. 1997)), *report and recommendation adopted*, 2015 WL 5319925 (N.D. Tex. Sept. 11, 2015). Indeed, "[w]hen an indictment alleges that some relevant event transpired 'on or about' a particular date, the accused is put on notice to prepare for proof that the event happened at any time within the statutory limitation period." *Sikes v. Davis*, 2018 WL 741632, at *15 (N.D. Tex. Feb. 6, 2018) (collecting cases). Here, the date of the alleged offense—October 11, 2021—came before the presentment of the indictment on February 3, 2022 and within the three-year limitations period applicable to the deadly conduct offense. *See* Tex. Penal Code § 22.05(b)(1), (e)); *see also* Tex. Code Crim. Proc. Art. 12.01(9).

For these reasons, Plaintiff's § 1983 claim for insufficient notice should be dismissed for failure to state a claim on which relief may be granted.

## B. Renunciation of Citizenship

Finally, Plaintiff fails to state a claim insofar as he seeks to renounce his U.S. citizenship.

The renunciation of one's citizenship, or voluntary expatriation, is governed by 8 U.S.C. § 1481 and administered by the Secretary of Homeland Security through the United States Citizenship and Immigration Services. *See Turner v. Beers*, 5 F. Supp. 3d 115, 119–20 (D.D.C. 2013); *see also Tutora v. U.S. Att'y Gen.*, 2017 WL 2126321, at *5–7 (E.D. Pa. May 16, 2017). Expatriation requires performing at least one of seven intentional acts prescribed by § 1481(a).[6] Plaintiff, however, does not allege that he has performed any of those acts. Moreover, Plaintiff admits that he has not previously applied for voluntary expatriation with any federal agency (Dkt.

---

[6] Five of the these require that the person be in a foreign country. *See* 8 U.S.C. § 1483(a) ("Except as provided in paragraphs (6) and (7) of section 1481(a) of this title, no national of the United States can lose United States nationality under this chapter while within the United States or any of its outlying possessions ...."). Otherwise, the person must either make a formal written renunciation on a prescribed form while the United States is in a state of war, *id.* § 1481(a)(6), or commit treason or similar acts against the United States, *id.* § 1481(a)(7).

8

No. 22 at 1), which fact is fatal to his claim. *See Tutora*, 2017 WL 2126321, at \*7. Indeed, "a federal district court is [not] the proper entity to receive, or to approve of, [an] attempted renunciation in the first instance." *In re Marcantel*, 2023 WL 3190435, at \*4 (M.D. La. Apr. 3, 2023), *report and recommendation adopted*, 2023 WL 3184315 (M.D. La. May 1, 2023).

For these reasons, Plaintiff's renunciation or expatriation claim should be dismissed for failure to state a claim on which relief may be granted.

## VI. CONCLUSION

After review of the record and relevant law, the Magistrate Judge respectfully RECOMMENDS that Plaintiff's claims be DISMISSED with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for the failure to state a claim on which relief may be granted.

### *Notice to the Parties*

Within fourteen (14) days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file written objections within fourteen (14) days after service shall bar an aggrieved party from de novo review by the District Court on an issue covered in this report and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

### *Directive to Clerk of Court*

The Clerk of Court is DIRECTED to forward a copy of this document to Plaintiff by any receipted means.

DONE at McAllen, Texas this 18th day of September 2023.

J. SCOTT HACKER
United States Magistrate Judge

9